IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORRIDOR MARKETPLACE, LLC | : | |
| | : | |
| v. | : | CIVIL NO. CCB-04-431 |
| | : | |
| THE MEN'S WEARHOUSE, INC. | : | |

...o0o...

**MEMORANDUM**

Defendant The Men's Wearhouse ("TMW") prevailed in its dispute concerning termination of a lease entered into with plaintiff Corridor Marketplace, L.L.C. ("CM"). By memorandum and order entered November 12, 2004, this court denied CM's motion for partial summary judgment and granted TMW's motion for summary judgment. This order was not appealed.

Pursuant to the lease, TMW now seeks attorneys' fees and costs incurred in the course of litigation.[1] TMW seeks a total of $165,726.60 in fees and $4,805.49 in expenses. CM asserts that no fees should be paid, or, in the alternative, that the amount requested is unreasonable. As explained below, the court will award $105,697.00 in fees and $4,805.49 in expenses.

First, CM argues that the court denied attorneys' fees by not mentioning fees in its order of November 12, 2004. This is not correct. TMW was not entitled to receive fees until the November, 2004 order became unappealable. Its initial motion for fees was filed November 24, 2004, and the supporting memorandum was filed December 21, 2004, after the appeal time

---

[1] The "Standard Shopping Center Lease" provides that:

If either party institutes a legal action to enforce the terms of this Lease, the non-prevailing party, as determined by a final, nonappealable court order, shall pay the attorney fees of the prevailing party.

(Def't's Mem. of Law, Ex. A at 25).

passed and CM chose not to appeal.  Thus, TMW's application for fees is timely and will be considered.  See Lawyers Title Ins. Corp., 2004 WL 225088, *2(D.Md.).

Second, CM challenges the hourly rates sought by TMW: $345 per hour for six-year associate Mark Bradford, and $535 per hour for each of two senior partners who participated in the case.  While this District's Rules and Guidelines for Attorney Fees are not dispositive, they are useful by analogy to illustrate a reasonable range of hourly fees for legal work in the Baltimore community.  Local Rules, App. B (D.Md. 2004).  Moreover, TMW has not complied with Maryland case law in establishing that the hourly rates requested are consistent with "the fee customarily charged in the locality for similar legal services."  Reisterstown Plaza Associates v. General Nutrition Center, Inc., 597 A.2d 1049, 1057 (Md. App. 1991).  Nor has it shown any necessity for retaining lawyers at New York or "national law firm" rates to litigate this relatively uncomplicated commercial dispute in Maryland.[2]  Accordingly, the rate payable for Mr. Bradford will be reduced to $225.00, and the rate payable for the senior partners, who each have approximately 30 years' experience, will be reduced to $ 325.00.

TMW seeks payment for 355.2 hours of Mr. Bradford's time, 34.7 hours for Mark Mutterperl, and 61.5 hours for Douglas Danzig.  While there was a 5% "courtesy discount" applied to the fees charged after April 2004, no additional "billing judgment" was exercised by reducing certain hours, such as those involved in the motion to compel on which CM prevailed.  On the other hand, CM sought over $400,000 in damages, and TMW's counsel achieved a fully successful result for their client.  In light of the reduced hourly rate, no further reduction will be

---

[2] Of course TMW is entitled to choose, and pay for, its own counsel, but that does not make it reasonable to expect the losing party to pay those rates.

applied.[3]

Costs and expenses in the requested amount of $4,805.49 also will be allowed under Fed.R.Civ.P. 54(d).

A separate Order follows.

| September 19, 2005 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] The revised amounts are $79,920.00 for Mr. Bradford (355.2 x $225); $11,277.50 for Mr. Mutterperl (34.7 x $325); $19,987.50 for Mr. Danzig's time (61.50 x $325); and $75 for Mrs. Levy. The 5% discount applied to that total of $111,260.00 results in a fee of $105,697.00.